UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAHRAIN AL PATO, et al., | No. 1:20-cv-00973-NONE-EPG |
| Plaintiffs, | |
| v. | ORDER STAYING CASE FOR 60 DAYS |
| WILLIAM BARR, in his official capacity as Attorney General of the United States, et al., | (Doc. No. 11) |
| Defendants. | |

    This is an immigration matter in which plaintiffs challenge an alleged delay in the adjudication of a Refugee Relative Petition ("Form I-730") by the United States Citizenship and Immigration Services ("USCIS"). In sum, plaintiff Nahrain Al Pato, a native of Iraq, fled to Turkey in 2014 with her three young children. (Doc. No. 1 at ¶ 2.) In 2016, plaintiff Al Pato and her children were granted approval for refugee status and entered the United States. (*Id.* at ¶ 3.) Although plaintiff Al Pato timely filed the Form I-730 to permit her husband, plaintiff Yokhanna Khames, to join her and their children in the United States, it has now been more than three years since the Form I-730 was filed with USCIS. (*Id.* at ¶ 4.) Plaintiffs allege in their complaint that they have provided all necessary documentation for USCIS to adjudicate the Form I-730. (*Id.*)

    On November 30, 2020, the government moved to stay all proceedings in this matter for six months. (Doc. No. 11.) The government offers as justifications for its requested stay the

1

1  following facts and arguments:  (1) the government must interview plaintiff Khames to proceed
2  with processing the Form I-730; (2) because plaintiff Khames resides overseas, the interview
3  must be conducted by the U.S. Department of State, not USCIS; (3) the most obvious place for
4  the interview to be conducted is at the U.S. Embassy in Baghdad, Iraq, the city of residence for
5  plaintiff Khames, but that location is presently closed due to previous unrest; and (4) other posts
6  in the region are experiencing limited access due to COVID-19 and security concerns.  (*See* Doc.
7  Nos. 11, 11-1.)  USCIS asserts that it will require additional time to identify an appropriate
8  location and date to interview plaintiff Khames.  (Doc. No. 11-1 at ¶ 13.)  Plaintiffs oppose the
9  government's motion to stay this matter for six months (Doc. No. 12), but apparently do not
10  oppose a stay of one month (*see* Doc. No. 11 at 4).

11       Having reviewed the pending motion to stay and plaintiffs' opposition in light of the
12  entire record, the court finds good cause for imposition of a brief stay.  The declaration of David
13  Radel, director of the USCIS' Los Angeles-based asylum office, explains the need for an
14  interview of plaintiff Khames and the reasons why finding a suitable location at which to conduct
15  that interview are challenging.  However, the Radel declaration provides insufficient detail to
16  support government counsel's assertion that scheduling an interview of plaintiff Khames is
17  "impossibl[e]" at this time.  (*Compare* Doc. Nos. 11 at 3, *with* 11-1 at ¶ 13.)  Balancing the
18  government's asserted need for the interview and the present difficulty it has encountered in
19  scheduling that interview against the ongoing harm to plaintiffs, a married couple with young
20  children who claim they are separated due to defendants' allegedly unlawful conduct, the court
21  concludes that a sixty-day stay is reasonable under the circumstances.  *See Lockyer v. Mirant*
22  *Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (instructing courts to consider the competing interests
23  at stake in deciding whether to stay a case).

24  /////
25  /////
26  /////
27  /////
28  /////

Therefore, this case shall be stayed for sixty days from the date of entry of this order. Ten days prior to the expiration of the stay, defendants shall file a status report indicating the specific steps that have been taken to schedule and/or conduct the requisite interview of plaintiff Khames. Only with that information in hand will the court even consider extending the stay imposed by this order.

IT IS SO ORDERED.

Dated:   **January 13, 2021**

UNITED STATES DISTRICT JUDGE